U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 7 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRENCE M. BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-182-A |
| | § | |
| ERIC D. WILSON, WARDEN, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Eric D. Wilson, Warden, and Ms. Blakely, administrative remedy coordinator, for the Federal Medical Center Fort Worth, Texas ("FMC Fort Worth"), to dismiss. Plaintiff, Terrence M. Brown, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

### Background

On March 5, 2018, plaintiff filed his complaint in this action. Doc.[1] 1. By order signed April 6, 2018, the court dismissed plaintiff's claims for failure to exhaust administrative remedies, Doc. 8, and signed a final judgment. Doc. 9. Plaintiff appealed, Doc. 13, and the United States Court

---

[1] The "Doc. ___" reference is to the number of the item on the docket in this action.

of Appeals for the Fifth Circuit vacated the judgment and remanded for further proceedings. Doc. 20.

The basis for plaintiff's action is his allegation that defendants denied him access to inspect the Administrative Remedy indexes and responses in violation of 28 C.F.R. § 542.19. He says that this amounted to a denial of his First Amendment right to petition for redress of grievances, as well as denial of the opportunity to research his claims under <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977), <u>abrogated in part</u>, <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996).

II.

Grounds of the Motion

Defendants maintain that plaintiff's claims must be dismissed for the following reasons: (1) Plaintiff failed to exhaust his administrative remedies; (2) the court lacks subject matter jurisdiction over the official capacity claims; (3) plaintiff lacks standing to pursue a <u>Bivens</u> claim; (4) no <u>Bivens</u> remedy is available; (5) plaintiff's claims for injunctive relief are moot; (6) defendants are entitled to qualified immunity; and (7) plaintiff fails to state a claim for relief under the Declaratory Judgment Act. Doc. 30.

III.

## Applicable Legal Principles

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. <u>Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.</u>, 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. <u>Spector v. L Q Motor Inns, Inc.</u>, 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. <u>Williamson v. Tucker</u>, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. <u>Id.</u> Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. <u>See</u> <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978); <u>McNutt v. General Motors Acceptance Corp. of Ind., Inc.</u>, 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. <u>McNutt</u>, 298 U.S. at 189; <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001).

IV.

Analysis

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires that prisoners exhaust their administrative remedies before filing suit regarding a prison condition. The Federal Bureau of Prisons has a four-step process for resolving complaints by prisoners. Initially, the prisoner must try informally to resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a request for administrative remedy to the warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. § 542.15. And, if still unsatisfied, the prisoner may appeal to the Office of General Counsel. Id.

Congress has mandated exhaustion regardless of the relief sought. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or particular events. Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust is an affirmative defense, but the court can dismiss for failure to state a claim where the pleadings make clear that the prisoner failed to exhaust administrative remedies. Jones v.

4

Bock, 549 U.S. 199, 215 (2007); Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007). Here, defendants argue that plaintiff failed to exhaust his administrative remedies. Doc. 30 at 5-6. However, the Fifth Circuit determined that it was not clear from the face of the complaint that plaintiff had not exhausted his remedies. Doc. 20 at 3. Accordingly, the court does not rely on this ground in granting relief.

Plaintiff seeks injunctive relief against defendants to require them to cease and desist from blocking access to inspection of the indexes he wants to review. However, plaintiff has been released from custody; thus, his claims for injunctive relief are moot. Cooper v. Sheriff, Lubbock Cnty., Tex., 929 F.2d 1078, 1084 (5th Cir. 1991).

Plaintiff asserts claims against defendants in both their individual and official capacities. A suit against a prison employee in his or her official capacity is a suit against his or her employer. Kentucky v. Graham, 473 U.S. 159, 166 (1985). A Bivens action only provides a remedy against governmental employees in their individual capacities, not against the federal agencies who employ them. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); Moore v. Dep't of Agriculture, 55 F.3d 991, 995 (5th Cir. 1995).

The government is entitled to sovereign immunity from suit unless it has specifically consented to being sued. Block v. N. Dakota ex rel. Bd. Of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983). In particular, government agencies cannot be held liable for punitive damages absent congressional authorization. Bank One, Texas, N.A. v. Taylor, 970 F.2d 16, 33 (5th Cir. 1992). The burden is on the plaintiff to show Congress's unequivocal waiver of sovereign immunity. Freeman v. United States, 556 F.3d 326, 334 (5th Cir. 2009). Plaintiff has made no attempt to meet his burden and it does not appear that he could do so. Accordingly, the official capacity claims must be dismissed.

Prisoners have a constitutionally protected right to access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). Generally, that means that inmates must have "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356. However, to bring a claim for denial of access, the prisoner must demonstrate an actual injury. Id. at 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of actual injury, a prisoner lacks standing to pursue such a claim. Lewis, 518 U.S. at 349. Here, plaintiff has not pleaded sufficient facts to establish a personal injury fairly traceable to defendants' allegedly unlawful conduct and likely to be redressed by the requested relief. Raines v. Byrd, 521 U.S. 811, 818 (1997).

Rather than show he lost an actionable claim or was prevented from presenting such a claim because of defendants' denial of access to the sought-after information, see Lewis, 518 U.S. at 356, plaintiff is simply complaining that he was denied a particular avenue of research. Doc. 1 at 7. He does not allege that his position as a litigant was prejudiced as a direct result of the denial of access. See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996)(per curiam). In fact, plaintiff has been able to file a number of other lawsuits. See, e.g., Civil Action Nos. 4:18-CV-164-P, 4:18-CV-111-A, 4:18-CV-885-P, 4:19-CV-312-O, and 4:19-CV-476-A in the United States District Court for the Northern District of Texas.

Even if plaintiff had demonstrated standing to pursue a denial of access claim, as defendants note, a Bivens remedy is not available. Doc. 30 at 11-15. The Supreme Court has consistently refused to extend Bivins to new contexts or categories of defendants. Ziglar v. Abbasi, 137 S. Ct. 1843 (2017); Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 68 (2001). Denial of access would be a new context. Ziglar, 137 S. Ct. at 1855 (describing the three instances in which the Supreme Court has approved of an implied damages remedy under the Constitution itself). The Supreme Court has never held that Bivens extends to First Amendment claims. See Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012).

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other relations of any interested party seeking such declaration." It does not create an independent cause of action; it only provides a form of relief. Aetna Life Ins.Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240 (1937). As discussed, there is not an actual controversy here as plaintiff has failed to establish standing. Moreover, plaintiff has not established that he has a Bivens claim.

V.

Order

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted; that plaintiff take nothing on his claims against defendants; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED June 7, 2021.

_____
JOHN McBRYDE
United States District Judge